IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AYESHA MCKINNEY, TRACINA ROSS, and TAMMY BLOOMER, | * * * * | |
| | * | 17-cv-4156 |
| Plaintiffs, | * * | |
| v. | * * | |
| UNITED STATES OF AMERICA, and DENNIS BRESNAHAN, individually and in his official capacity, | * * * * | |
| | * | ORDER |
| Defendant. | * * | |

Before the Court is the Government's Second Motion to Dismiss for Lack of Jurisdiction, filed on August 17, 2018. ECF No. 46. Plaintiffs Ayesha McKinney, Tracina Ross, and Tammy Bloomer resist the motion. ECF No. 55. The Government filed a Reply on October 12, 2018. ECF No. 57. The matter is fully submitted.

## I. BACKGROUND

On July 2, 2018, this Court entered an Order granting the Government's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (ECF No. 19). ECF No. 37. The Court concluded Plaintiffs' claim for negligent supervision was barred by the discretionary-function exception, *see* 28 U.S.C. § 2680(a), to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671–2680, and dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* at 8–9. Next, the Court determined that because Plaintiffs had not alleged that Defendant Bresnahan's conduct toward them was a "well-known" hazard and foreseeable in his particular profession, their claims of assault, battery, abuse of process, and intentional infliction of emotional distress—the latter being tied to the three intentional-tort claims—were barred by

the FTCA's intentional-tort exception, *see* 28 U.S.C. § 2680(h), and dismissed these four claims pursuant to Rule 12(b)(1). *Id.* at 11, 12–13. Additionally, the Court dismissed Plaintiffs' other unspecified torts claims pursuant to Rule 12(b)(6). *Id.* at 14. Finally, the Court sua sponte invited Plaintiffs to amend their Complaint again to correct the identified deficiencies. *Id.*

In their Third Amended Complaint filed on July 17, 2018, Plaintiffs state claims of assault, battery, and abuse of process against the United States, in accordance with the laws of the State of Minnesota.[1] ECF No. 38 at ¶¶ 92–98. Plaintiffs allege Defendant Dennis Bresnahan was a federal law enforcement officer within the meaning of 28 U.S.C. § 2680(h) and was acting within the scope of his employment when he committed the alleged acts.[2] *Id.* ¶¶ 12–13. Plaintiffs further assert Defendant Bresnahan's conduct was foreseeable and a "known risk" in his role as a U.S. Probation Officer. *Id.* ¶¶ 68, 82; *see id.* ¶ 55.

## II. STANDARD OF REVIEW

The Court regards the Government's subject-matter jurisdictional challenge under Rule 12(b)(1) as a facial attack. *See* ECF No. 37 at 4. Accordingly, the Court accepts Plaintiffs' factual allegations as true and merely checks to see whether Plaintiffs have "sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

## III. ANALYSIS

The Government reasserts its argument that Plaintiffs have failed to prove the Court has subject-matter jurisdiction over Plaintiffs' claims of assault, battery, and abuse of process

---

[1] Plaintiffs have not reasserted a claim for intentional infliction of emotional distress.
[2] Plaintiffs also added former U.S. Probation Officer Bresnahan as a defendant, individually and in his official capacity. ECF No. 38. Plaintiffs' claims against Defendant Bresnahan are not at issue in this Order.

because they are barred by the intentional-tort exception, 28 U.S.C. § 2680(h). *See* Fed. R. Civ. P. 12(b)(1). As discussed in the Court's prior Order, § 2680(h) of the FTCA operates to bar claims of intentional torts, including "[a]ny claim arising out of assault, battery, . . . [or] abuse of process," except with respect to acts or omissions committed by federal law enforcement officers who are acting within the scope of their employment. 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 55 (2013). Thus, in order for Plaintiffs' claims to survive, they must sufficiently allege that Defendant Bresnahan was a federal law enforcement officer acting within the scope of his employment, as defined by Minnesota law, when he committed the alleged intentional torts.[3] *See Eubank v. Kan. City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010) (applying "the substantive law of the State where the act or omission occurred").

At issue is whether Defendant Bresnahan's alleged conduct was "related" to his duties. *See Lange v. Nat'l Biscuit Co.*, 211 N.W.2d 783, 786 (Minn. 1973) (providing that an employee acts within the scope of his employment (1) "when the source of the attack is related to the duties of the employee" and (2) "the assault occurs within work-related limits of time and place"); *see also* ECF No. 37 at 10 (noting the parties do not dispute that Defendant Bresnahan committed the alleged assault within the work-related limits of time and place). "[A] sexual assault may be considered 'related to' [an] employee's duties" when it is "a foreseeable risk of that [particular] profession." *Longen v. Fed. Express Corp.*, 113 F. Supp. 2d 1367, 1371 (D. Minn. 2000) (citing *Fahrendorff v. North Homes, Inc.*, 597 N.W.2d 905, 912–13 (Minn. 1999); *P.L. v. Aubert*, 545 N.W.2d 666, 668 (Minn. 1996); and *Marston v. Minneapolis Clinic of Psychiatry & Neurology, Ltd.*, 329 N.W.2d 306, 311 (Minn. 1982)). Central to the inquiry is a plaintiff's inclusion of

---

[3] For purposes of this Motion, the Government presumably continues to assume that Defendant Bresnahan was a federal law enforcement officer within the meaning of the law enforcement proviso; therefore, the Court does not address this issue. *See* 28 U.S.C. § 2680(h).

3

expert evidence alleging that sexual assault is a "well-known hazard" in a particular profession. *P.L.*, 545 N.W.2d at 668; *see Fahrendorff*, 597 N.W.2d at 911–12; *Marston*, 329 N.W.2d at 311.

In their Third Amended Complaint, Plaintiffs allege expert evidence that a federal probation officer's sexual assault of someone he or she is supervising is foreseeable and a known risk.[4] *See Fahrendorff*, 597 N.W.2d at 911–12 (accepting an expert's sworn statement that "inappropriate sexual contact or abuse of power in [group home] situations, although infrequent, is a well known hazard in this field," despite it being "somewhat conclusory and lacking specific examples," as evidence of foreseeability sufficient to survive a motion for summary judgment (alteration in original) (emphasis omitted)). Plaintiffs additionally allege facts demonstrating that other federal probation officers have used their authority over supervisees to gain sexual favors. The Court accepts these allegations as true, as it must, and finds that they satisfy Plaintiffs' burden at this stage "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 5, 570 (2007)); *see* Fed. R. Civ. P. 8(a).

The Court concludes Plaintiffs' claims of assault, battery, and abuse of process are not barred by the intentional-tort exception to the FTCA because they fall within the law

---

[4] The Government attached to its Memorandum in Support of its Motion the expert opinion of Dale L. Carlton, whom Plaintiffs have identified as an expert witness pursuant to the Court's July 20, 2018 Scheduling Order, ECF No. 41, and provided to the Government as part of their Rule 26(a)(2)(A) disclosures. The Government argues the Court should not consider Carlton's report because Plaintiffs failed to attach it to their Third Amended Complaint or seek leave to amend their Complaint again for its inclusion. It appears the Plaintiffs were not attempting to amend their Complaint again by disclosing the expert's identity and opinion to the Government as part of their duty to disclose under Rule 26. In fact, the Plaintiffs did not even file it with the Court; the Government did. The Court would have been wholly unaware of this additional expert report if not for the Government's attachment of it to their Memorandum. Now that it is here, however, the Court may consider it in its determination of jurisdiction. *See Deuser v. Vecera*, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998) ("The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under [Rule] 12(b)(1)." (quoting *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir. 1993))); *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). But even without Carlton's report, the Court finds Plaintiffs have alleged sufficient facts to establish the Court's jurisdiction.

enforcement proviso. Therefore, Plaintiffs have established that the Court has subject-matter jurisdiction over Plaintiffs' intentional-tort claims.

## III. CONCLUSION

For the foregoing reasons, the Government's Second Motion to Dismiss for Lack of Jurisdiction (ECF No. 46) is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of January, 2019.

/s/ Robert W. Pratt
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT